IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES MONKEMEIER, § § Plaintiff, § § VS. § INTERNAL REVENUE SERVICE, INC., § JAMES ASHTON, JAMES DAUGHERTY, § TOM WHORLEY, JOY L. SMITH, NEW § YORK LIFE INSURANCE, and JUSTIN § GORDON, § § Defendants § | CIVIL ACTION H-12-2574 |

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, purportedly seeking to enjoin the United States from the assessment/collection of federal taxes and removed from state court on August 27, 2012 by the United States of America on behalf of Defendant Internal Revenue Service, Inc., is the United States' motion to extend time to answer (#3). *Pro se* Plaintiff James Monkmeier has failed to file a response, so under Local Rule 7.4, the Court deems it to be unopposed.

Nevertheless the removal was procedurally defective because under 1446(a) "a copy of all process, pleadings, and orders" served upon the removing defendant(s) must be attached to the Notice of Removal, but were omitted here. A defect in removal procedure, if timely asserted by motion within thirty days, may be grounds for remand. *Moreno Energy, Inc. v. Marathon Oil Company*, ___ F. Supp.

2d ___, Civ. A. No. H-11-4518, 2012 WL 3205618, *2 (S.D. Tex. Aug. 3, 2012). "'[M]ere modal or procedural defects are not jurisdictional.'" *Id.* quoting *James J. Flanagan Shipping Corp. v. Mediterranean Shipping Co., S.A.*, 499 F. Supp. 2d 710, 711-12 & n.1 (E.D. Tex. 2007)("concluding that 'the omission of a copy of the service of process is merely a procedural error with no impact on jurisdiction'" and allowing Defendants to supplement the removal record), quoting *Covington v. Indemnity Ins. Co. of North America*, 251 F.2d 930, 933 (5th Cir. 1958)(if papers filed in state court are lacking from the original removal record, they may be supplied later and have no effect on the removal if the case by its nature is removable.), *cert. denied*, 357 U.S. 921 (1958). *See also Spill Textile Corp. v. Spill Tech Environmental, Inc.*, 223 F. Supp. 2d 790, 793 (E.D. Tex. 2002). Moreover Plaintiff has not filed a motion to remand.

Accordingly, the Court

ORDERS that the United States shall file the appropriate state court papers within twenty days. The Court further

ORDERS that the government's motion for a 60-day extension to respond to Plaintiff's Original Petition is GRANTED.

**SIGNED** at Houston, Texas, this 5th day of October, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE