IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES MONKEMEIER, | § |
| | § |
| PRO SE Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION H-12-2574 |
| | § |
| INTERNAL REVENUE SERVICE, INC., et al., | § |
| | § |
| | § |
| Defendant. | § |

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, appearing to prohibit Defendants from providing Plaintiff's property, information, documents or papers to the Internal Revenue Service and from collecting a debt, is Defendant New York Life Insurance Company's ("NYL'S") motion for a more definitive statement (instrument #6) under Federal Rule of Civil Procedure. *Pro se* Plaintiff James Monkemeier has failed to file a response. The Court agrees with NYL that the complaint is not adequately pleaded.

Under Rule 12(e),

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Motions for more definite statement are "used to remedy an unintelligible pleading; they are not used to clarify a pleading that lacks detail, and they are not intended to serve as a substitute for discovery."  *Allstate Ins. Co. v. Donovan*, Civ. A. No. H-12-0432, 2012 WL 2577536, *19 (S.D. Tex. July 3, 2012, *citing Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). The district court has considerable discretion in deciding whether to grant such a motion.  *Ditcharo v. United Parcel Service, Inc.*, 376 Fed. Appx. 432, 440 n.9 (5th Cir. 2010), *citing Old Time Enterprises, Inc. v. International Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir. 1989).  The Court agrees that Plaintiff's complaint is not comprehensible and needs to be amended not just as to NYL, but as to all named Defendants.

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* . . . require[s] that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements do not suffice" under Rule 12(b). *Iqbal*, 129 S. Ct. at 1949. The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

The district court is to construe liberally the briefs of *pro se* litigants and apply less stringent standards to them than to parties represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(reciting the long-established rule that documents filed pro se are to be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Nevertheless, "[e]ven a liberally construed pro se civil rights complaint . . . must set forth facts giving rise to a claim on which relief can be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)("District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are

unwilling or unable to amend in a manner that will avoid dismissal.").

Accordingly, the Court

ORDERS that NYL's motion for more definitive statement is GRANTED.  Plaintiff shall file an amended complaint within twenty days of entry of this order.  Failure to comply may result in dismissal of this action.

**SIGNED** at Houston, Texas, this  23rd  day of  October , 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE